**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BALTAZAR SOSA, PHU CHAN
HOANG, THANH QUOC NGUYEN, and
PHAM QUA TRUNG,

      Petitioners-Appellees,

v.

JOSEPH R. GREENE, District Director,
United States Immigration and
Naturalization Service, Denver, Colorado,

      Respondent-Appellant.

------------------------

CITIZENS AND IMMIGRANTS FOR
EQUAL JUSTICE,

      Amicus Curiae.

No. 00-1339
No. 01-1136
No. 01-1180
No. 01-1343
(D.C. Nos. 00-WM-640,
01-B-139, 01-K-256,
and 01-D-787)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK**, Circuit Judges, and **ALLEY**, District Judge.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Wayne E. Alley, United States District Court for the Western District of Oklahoma, sitting by designation.

The United States Immigration and Naturalization Service (INS) appealed the district court's rulings that § 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c), (INA) was unconstitutional as violative of both substantive and procedural due process. On appeal, we affirmed the district court's rulings. Relying heavily upon Zadvydas v. Davis, 533 U.S. 678 (2001), we concluded "that the government has failed to show special justifications for the mandatory detention provision contained in § 236(c) which are sufficient to outweigh a lawful permanent resident alien's constitutionally protected liberty interest in avoiding physical restraint without an individualized determination of flight risk or danger to the public." Hoang v. Comfort, 282 F.3d 1247, 1260 (10th Cir. 2002). The United States Supreme Court granted a writ of certiorari, vacated our judgments, and remanded the matters to us for further consideration in light of Demore v. Kim, 123 S. Ct. 1708 (2003).

In Demore, the Supreme Court reviewed Kim v. Ziglar, 276 F. 3d 523 (9th Cir. 2002) (which held § 236(c) violated substantive due process as applied to Kim because INS "has not provided a 'special justification' for no-bail civil detention sufficient to overcome a lawful permanent resident alien's liberty interest on an individualized determination of flight risk and dangerousness" (276 F.3d at 535)). The Demore Court, distinguishing its opinion in Zadvydas, held "that Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as

2

[Kim] be detained for the brief period necessary for their removal proceedings." 123 S. Ct. at 1712. The Court concluded that "[d]etention [of criminal aliens] during removal proceedings is a constitutionally permissible part of that process." Id. at 1721-22.

Nothing in the facts of the cases before us on remand warrants our departure from the Demore holding. We REVERSE the district court's rulings that § 236(c) of the INA is unconstitutional as violative of both substantive and procedural due process, and REMAND to the district court for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3